## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUGENE HOYMAN,

          Plaintiff,

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

          Defendant.

Civil Action No. 2:21-cv-1241

## COMPLAINT

AND NOW, comes the Plaintiff, EUGENE HOYMAN, by and through his attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

## INTRODUCTION

## NATURE OF THIS ACTION

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202. Mr. Eugene Hoyman (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Life Insurance Company of North America. The Plan is governed by ERISA. Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide

Plaintiff with the timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce his rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Eugene Hoyman resides at 14 Broadway Avenue, Post Office Box 447, Manor, PA 15665, Westmoreland County.

5. The Defendant, Life Insurance Company of North America, is the Claims Administrator of Long Term Disability claims and is located at 1601 Chestnut Street, Philadelphia, PA 19192.

6. Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. The Plaintiff, Mr. Eugene Hoyman, last worked for Day & Zimmermann as a Network Administrator on or about December 29, 2017, wherein he stopped working due

to diagnoses, symptoms, and functional limitations of Lumbar Spinal Stenosis; Trigeminal Neuralgia; Diabetes II with Neuropathy; Chronic Pain Syndrome; and Paroxysmal Supraventricular Tachycardia.

8. Plaintiff, by and through his attorney, Brian Patrick Bronson, Esquire, filed an application for Long Term Disability benefits by letter dated February 21, 2020.

9. By letter dated March 5, 2020, Defendant acknowledged Plaintiff's application for Long Term Disability benefits.

10. By letter dated July 7, 2020, Defendant denied Plaintiff's claim for Long Term Disability benefits.

11. Plaintiff, by and through his attorney, Brian Patrick Bronson, Esquire, filed a timely and responsive appeal by letter dated October 1, 2020.

12. By letter dated February 9, 2021, Defendant upheld their decision to deny Plaintiff's claim for Long Term Disability benefits. This letter states, "At this point in time you have exhausted all administrative levels of appeal and no further appeals will be considered."

13. The Plaintiff became eligible for Social Security Disability benefits in February 2015, with a date of disability of August 29, 2014. The Plaintiff continues to receive Social Security Disability benefits in an uninterrupted fashion.

**CAUSE OF ACTION**

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

14. Paragraphs 1 through 13 are incorporated herein as if set forth at length.

15. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

16. On December 29, 2017, while still employed, by the Policy Holder, Plaintiff became unable to perform the material duties of his own occupation and any gainful occupation due to diagnoses, symptoms, and functional limitations of Lumbar Spinal Stenosis; Trigeminal Neuralgia; Diabetes II with Neuropathy; Chronic Pain Syndrome; and Paroxysmal Supraventricular Tachycardia.

17. The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

18. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

19. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4) Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire  
Brian Patrick Bronson, Esquire (Pa #89035)  
QuatriniRafferty, P.C.  
550 East Pittsburgh Street  
Greensburg, PA  15601  
Phone:  (724) 837-0080  
Fax:  (724) 837-1348  
E-mail:  bpb@qrlegal.com  

Dated:   September 15, 2021